CP:AG
F. No. 2009R01580/OCDETF # NYNYE-616

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JOHN FRANK BONILLA-CRISTANCHO,
    also known as "Raton"
    and "Mickey,"
MAURICIO FINA RESTREPO,
    also known as "Gaviota,"
    "Teodoro Mauricio Fina
    Restrego," "Yanez Wilfredo"
    and "Gustavo Alberto
    Sanchez Martinez,"
MAURICIO MUNOZ-CORREA,
    also known as "La Gorda,"
ALVARO PALAU,
    also known as "Flaco"
    and "Olfato," and
HAROLD MAURICIO POVEDA-ORTEGA,
    also known as "Conejo" and
    "Mauricio Poveda,"

        Defendants.

- - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 21, U.S.C., §§ 848(a),
848(b), 848(c), 853(p),
959(a), 959(c), 960(a)(3),
960(b)(1)(B)(ii) and 963;
T. 18, U.S.C., §§ 2 and
3551 et seq.)

THE GRAND JURY CHARGES:

COUNT ONE
(Continuing Criminal Enterprise)

    1. On or about and between January 1, 2002 and July 31, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HAROLD MAURICIO POVEDA-ORTEGA, also known as "Conejo" and "Mauricio Poveda," together with others, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendant HAROLD MAURICIO POVEDA-ORTEGA committed violations of Title 21,

United States Code, Sections 952(a), 959(a), 960 and 963, including Violations One through Seven set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendant HAROLD MAURICIO POVEDA-ORTEGA, in concert with five or more other persons, with respect to whom the defendant HAROLD MAURICIO POVEDA-ORTEGA occupied a supervisory and management position, and was a principal administrator, organizer and leader of the continuing criminal enterprise, and from which continuing series of violations the defendant HAROLD MAURICIO POVEDA-ORTEGA obtained substantial income and resources, in excess of $10 million in gross receipts during a twelve-month period for the manufacture, importation and distribution of cocaine. Each violation involved at least 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit: 150 kilograms or more of a substance containing cocaine. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Seven set forth below.

<u>Violation One</u>
(International Cocaine Distribution -
Approximately 3,600 Kilograms of Cocaine)

2.   On or about and between August 1, 2003 and September 30, 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant HAROLD MAURICIO POVEDA-ORTEGA, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

Violation Two
(International Cocaine Distribution -
Approximately 6,000 Kilograms of Cocaine)

3.   On or about and between March 1, 2004 and April 30, 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HAROLD MAURICIO POVEDA-ORTEGA, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

<u>Violation Three</u>
(Attempted International Cocaine Distribution -
Approximately 10,500 Kilograms of Cocaine)

4. On or about and between September 1, 2004 and September 30, 2004, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant HAROLD MAURICIO POVEDA-ORTEGA, together with others, did knowingly and intentionally distribute and attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963, and Title 18, United States Code, Section 2.

<u>Violation Four</u>
(Attempted International Cocaine Distribution -
Approximately 12,000 Kilograms of Cocaine)

5. On or about and between September 1, 2004 and September 30, 2004, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant HAROLD MAURICIO POVEDA-ORTEGA, together with others, did knowingly and intentionally distribute and attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five

kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963, and Title 18, United States Code, Section 2.

<u>Violation Five</u>
(Attempted International Cocaine Distribution -
Approximately 3,200 Kilograms of Cocaine)

6.  On or about and between January 1, 2005 and January 31, 2005, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant HAROLD MAURICIO POVEDA-ORTEGA, together with others, did knowingly and intentionally distribute and attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963, and Title 18, United States Code, Section 2.

<u>Violation Six</u>
(International Cocaine Distribution -
Approximately 1,300 Kilograms of Cocaine)

7.  On or about and between April 1, 2005 and April 30, 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HAROLD MAURICIO POVEDA-ORTEGA, together with others, did knowingly and

intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

Violation Seven
(Attempted International Cocaine Distribution -
Approximately 2,200 Kilograms of Cocaine)

8.   On or about and between November 1, 2005 and November 30, 2005, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant HAROLD MAURICIO POVEDA-ORTEGA, together with others, did knowingly and intentionally distribute and attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963, and Title 18, United States Code, Section 2.

(Title 21, United States Code, Sections 848(a), 848(b) and 848(c); Title 18, United States Code, Sections 3551 <u>et</u> <u>seq</u>.)

## COUNT TWO
(International Cocaine Distribution Conspiracy)

9. On or about and between January 1, 1999 and July 31, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN FRANK BONILLA-CRISTANCHO, also known as "Raton" and "Mickey," MAURICIO FINA RESTREPO, also known as "Gaviota," "Teodoro Mauricio Fina Restrego," "Yanez Wilfredo" and "Gustavo Alberto Sanchez Martinez," MAURICIO MUNOZ-CORREA, also known as "La Gorda," and HAROLD MAURICIO POVEDA-ORTEGA, also known as "Conejo" and "Mauricio Poveda," together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
(International Cocaine Distribution Conspiracy)

10. On or about and between January 1, 1992 and August 31, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ALVARO

PALAU, also known as "Flaco" and "Olfato," together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 3551 et seq.)

COUNT FOUR
(Attempted International Distribution of Cocaine - Approximately 10,500 Kilograms of Cocaine)

11. On or about and between September 1, 2004 and September 30, 2004, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants JOHN FRANK BONILLA-CRISTANCHO, also known as "Raton" and "Mickey," MAURICIO FINA RESTREPO, also known as "Gaviota," "Teodoro Mauricio Fina Restrego," "Yanez Wilfredo" and "Gustavo Alberto Sanchez Martinez," MAURICIO MUNOZ-CORREA, also known as "La Gorda," ALVARO PALAU, also known as "Flaco" and "Olfato," and HAROLD MAURICIO POVEDA-ORTEGA, also known as "Conejo" and "Mauricio Poveda," together with others, did knowingly and intentionally attempt to distribute a controlled

substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FIVE
(Attempted International Distribution of Cocaine -
Approximately 12,000 Kilograms of Cocaine)

12.  On or about and between September 1, 2004 and September 30, 2004, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants JOHN FRANK BONILLA-CRISTANCHO, also known as "Raton" and "Mickey," MAURICIO FINA RESTREPO, also known as "Gaviota," "Teodoro Mauricio Fina Restrego," "Yanez Wilfredo" and "Gustavo Alberto Sanchez Martinez," MAURICIO MUNOZ-CORREA, also known as "La Gorda," ALVARO PALAU, also known as "Flaco" and "Olfato," and HAROLD MAURICIO POVEDA-ORTEGA, also known as "Conejo" and "Mauricio Poveda," together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a

substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SIX
(International Distribution of Cocaine - Approximately 1,300 Kilograms of Cocaine)

13. On or about and between April 1, 2005 and April 30, 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN FRANK BONILLA-CRISTANCHO, also known as "Raton" and "Mickey," MAURICIO FINA RESTREPO, also known as "Gaviota," "Teodoro Mauricio Fina Restrego," "Yanez Wilfredo" and "Gustavo Alberto Sanchez Martinez," MAURICIO MUNOZ-CORREA, also known as "La Gorda," and HAROLD MAURICIO POVEDA-ORTEGA, also known as "Conejo" and "Mauricio Poveda," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

-10-

COUNT SEVEN
(Attempted International Distribution of Cocaine -
Approximately 2,200 Kilograms of Cocaine)

14. On or about and between November 1, 2005 and November 30, 2005, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants JOHN FRANK BONILLA-CRISTANCHO, also known as "Raton" and "Mickey," MAURICIO FINA RESTREPO, also known as "Gaviota," "Teodoro Mauricio Fina Restrego," "Yanez Wilfredo" and "Gustavo Alberto Sanchez Martinez," MAURICIO MUNOZ-CORREA, also known as "La Gorda," and HAROLD MAURICIO POVEDA-ORTEGA, also known as "Conejo" and "Mauricio Poveda," together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE
(Continuing Criminal Enterprise)

15. The United States hereby gives notice to HAROLD MAURICIO POVEDA-ORTEGA, also known as "Conejo" and "Mauricio

-11-

Poveda," charged in Count One that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and any of their interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise, including but not limited to at least approximately a sum of money equal to $50 million in United States currency.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant HAROLD MAURICIO POVEDA-ORTEGA:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant HAROLD MAURICIO POVEDA-ORTEGA up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH SEVEN
(International Cocaine Trafficking)

17.  The United States hereby gives notice to the defendants charged in Counts Two through Seven that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses including but not limited to at least approximately a sum of money equal to $10 million in United States currency.

18.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)  cannot be located upon the exercise of due diligence;

        (b)   has been transferred or sold to, or deposited with, a third party;

        (c)   has been placed beyond the jurisdiction of the court;

        (d)   has been substantially diminished in value; or

        (e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

        (Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

-14-

# INFORMATION SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1. Title of Case: **United States v. Arturo Bonilla-Cristancho, et. al.**

2. Related Magistrate Court Docket Number(s):

3. Arrest Date:

4. Nature of offense(s):  ☒ Felony
   ☐ Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules) _____

6. Projected Length of Trial:   Less than 6 weeks   (X)
   More than 6 weeks   ( )

7. County in which crime was allegedly committed: Queens
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment/information been ordered sealed?   ( X ) Yes  ( ) No

9. Have arrest warrants been ordered?   ( X ) Yes  ( ) No

10. Is a capital count included in the indictment?   ( ) Yes  ( X ) No

BENTON J. CAMPBELL
UNITED STATES ATTORNEY

By: _____
Andrea Goldbarg
Assistant U.S. Attorney
718-254-7578

Rev. 10/01/03