SLR:LDM:BDM
F#: 2009R01580/ OCDETF #NYNYE616

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER OF FORFEITURE |
| - against - | Criminal Docket No. 09-0633 (ILG) |
| HAROLD MAURICIO POVEDA-ORTEGA,<br>    also known as "Conejo,"<br>    and "Mauricio Poveda," | |
| Defendant. | |

- - - - - - - - - - - - - - - - -X

WHEREAS, on or about September 18, 2013, the defendant, HAROLD MAURICIO POVEDA-ORTEGA, entered a plea of guilty to a violation of 21 U.S.C. §§ 848(a) and 848(c) as charged in Count One of the above-captioned indictment; and

WHEREAS, pursuant to 21 U.S.C. § 853(a), the defendant consents to the entry of a forfeiture money judgment in the amount of one million dollars and no cents ($1,000,000.00) (the "Forfeiture Money Judgment"), as property constituting, or derived from, any proceeds obtained, directly or indirectly, from the defendant's violation of 21 U.S.C. §§ 848(a) and 848(c), or as property that is used, or is intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, and/or pursuant to 21 U.S.C. § 853(p), as substitute assets.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment pursuant to 21 U.S.C. §§ 853(a) and 853(p).

2. The defendant agrees and shall pay in full the Forfeiture Money Judgment no later than six months after the date of the defendant's sentencing (the "Due Date"). In the event the Forfeiture Money Judgment is not paid timely and in full as set forth above, interest shall accrue on any unpaid portion thereon at the judgment rate of interest from that date. All payments made towards the Forfeiture Money Judgment shall be made in the form of a bank check or certified check payable to the "United States Marshals Service" and shall be delivered by overnight express delivery to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check.

3. If the Forfeiture Money Judgment, or any portion thereof, is not paid to the United States, the United States may seek to enforce this Order against any other assets, real or personal, of the defendant up to the value of the Forfeiture Money Judgment pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

4. The defendant knowingly and voluntarily waives his right to any required notice concerning the entry and payment of the Forfeiture Money Judgment,

including notice set forth in an indictment or information.  In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the entry and payment of the Forfeiture Money Judgment, and waives all constitutional, legal and equitable defenses including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines. The defendant agrees that the entry and payment of the Forfeiture Money Judgment is not to be considered the payment of a fine, restitution loss amount, penalty, or any income taxes that may be due, and shall survive bankruptcy.

5. Upon entry of this Order of Forfeiture, the United States Attorney General, or his designee, is authorized to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

6. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order of Forfeiture shall become final as to the defendant at the time of his sentence, and shall be made part of the sentence and included in the judgment.  This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns, and transferees of the defendant, and shall survive the bankruptcy of any of them.

9. The Court shall retain jurisdiction over this action to ensure compliance with the terms of this Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court is directed to send, by inter-office mail, four (4) certified copies of this executed Order to FSA Law Clerk Neha Sinha, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated:   Brooklyn, New York
            _____, 2014

_____
HONORABLE I. LEO GLASSER
UNITED STATES DISTRICT JUDGE